UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SERINA MORALES, ADRIANA GUIDRY, and ERIKA :
CHAMBERS, *individually and on behalf all others*
*similarly situated*,

         Plaintiff,

   -against-

NEW YORK UNIVERSITY,

         Defendant.
------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 1 7 2021

MEMORANDUM DECISION
AND ORDER

20 Civ. 4418 (GBD)

GEORGE B. DANIELS, United States District Judge:

This is another putative class action in which students at New York University have sued the university over its decision to suspend in-person academic instruction in response to the COVID-19 pandemic. Because this Complaint suffers from the same deficiencies as those in *Zagoria v. New York University*, No. 20-cv-3610 (GBD), the Court reaches the same conclusion and GRANTS Defendant's motion to dismiss.

## I. FACTUAL BACKGROUND

The facts of this case are straightforward and similar to those presented in *Zagoria*. Plaintiffs were enrolled, either full or part-time, at NYU during the Spring 2020 academic semester, which began on January 27, 2020. (First Amended Complaint ("FAC"), ECF No. 30, ¶¶ 16, 25, 34, 76.) On March 16, 2020, NYU announced that it would be "closing residence halls and holding classes remotely through the end of the semester." (*Id.* ¶ 85.) Plaintiffs acknowledge that such measures were "justified." (*Id.* ¶ 87.) But Plaintiffs maintain they "lost the benefit of

the in-person education for which they paid, and/or the services for which their fees were paid, without having their tuition and fees refunded to them." (*Id.* ¶¶ 1, 87.)

Because NYU continued to charge full tuition and fees for the Spring 2020 semester, despite transitioning to online instruction, Plaintiffs now seek "a refund of tuition and fees for in-person educational services, facilities, access, and/or opportunities" that Plaintiffs claim they bargained for and that NYU has failed to provide. (*Id.* ¶¶ 8, 14.)

NYU moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. PLAINTIFF'S CLAIMS ARE DISMISSED

The legal analysis and applicable substantive law in *Zagoria* applies with equal weight here.

Plaintiffs here fail to plead any specific promise by NYU to provide exclusively in-person instruction. Plaintiffs' Complaint relies primarily upon NYU's "Course Catalog" which identifies "specific building[s] and rooms number[s]" for listed courses. (FAC ¶¶ 19, 28, 37.) The Course Catalog also had a search function that allowed Plaintiffs to search for courses and listed the course "Instruction Mode" as "In Person." (*Id.* ¶¶ 18, 27, 36.) Plaintiffs also emphasize that NYU "offers some online programs" and that Plaintiffs "purposefully did not apply to those programs" choosing, instead, to select "an on-campus experience." (*Id.* at ¶¶ 17, 26, 35, 64–67.)

Plaintiffs do not point to any express language promising the "certain specified service" of in-person classes.[1] *Baldridge v. State*, 293 A.D.2d 941, 943 (3d Dep't 2002). While the Course Catalog references building locations, classroom numbers, and instruction modes it "does not imply a contractual entitlement to continued instruction in the same location and manner." *In re*

---

[1] Plaintiffs' reliance on statements from advertising materials, such as NYU's website and brochures, are similarly unavailing. (FAC ¶¶ 50–63.) The references in these marketing materials are statements of "opinion or puffery" that are "too vague to be enforced as a contract." *Bader v. Siegel*, 238 A.D.2d 272, 272 (1st Dep't 1997).

2

*Columbia Tuition Refund Action*, No. 20-cv-3208 (JMF), 2021 WL 790638, at *4 (S.D.N.Y. Feb. 26, 2021). As Judge Furman stated in *In re Columbia*, these references "merely memorialize the pre-pandemic practice" and are not a guarantee that these practices would continue indefinitely. *Id.* Indeed, Plaintiffs have not pointed to any express language that demonstrates NYU "relinquished its authority" to alter the method of academic instruction. *Gertler v. Goodgold*, 107 A.D.2d 481, 485, *aff'd*, 66 N.Y.2d 946, (1985). Thus, Plaintiffs have failed to identify any specific language in NYU's "bulletins, circulars, catalogues, and handbooks" that promised in-person instruction. *Keefe v. N.Y. Law Sch.*, 2009 WL 3858679, at *1 (Sup. Ct. 2009), *aff'd*, 897 N.Y.S.2d 94 (1st Dep't 2010).

As to fees, the Complaint is unclear as to which fees Plaintiffs paid, which fees they may have had refunded, and which fees they allege should have been refunded but were not.[2] (FAC ¶¶ 18, 27, 36.) The only specific fee cited in the Complaint is the "Registration and Services Fees," which Plaintiffs allege is "directly related to on-campus experiences and services" because it is used to "furnish resources to fund a portion of the budgets for a variety of services, operations, and activities that serve students and enhance university life in support of our academic program [including] . . . the Registrar, Student Health Center, the Wellness Exchange/Counseling Service, the Wasserman Center, Information Technology, and Student Life." (*Id.* ¶ 72.) Plaintiffs' conclusory allegation that the broad services described directly related to an on-campus experience falls short of the specific statements necessary to reflect a promise to provide certain in-person services in exchange for students paying those fees. *But cf. Bergeron v. Rochester Inst. of Tech.*, 2020 WL 7486682, at *1 (W.D.N.Y. Dec. 18, 2020) (providing specific details of student activity

---

[2] NYU represents that they "refunded a *pro rata* amount of housing and meal costs" after the campus' closure. (Mem. of Law in Supp. of Def.'s Motion to Dismiss ("Def. MTD Mem."), ECF No. 35, at 5.) Additionally, "NYU also refunded certain activity fees, following evaluation of 'dozens of individual school-and course-based fees for the purpose of determining potential refunds.'" (*Id.*)

and health services fees, including the allegation that the university did not offer refunds for those fees).

Plaintiffs' unjust enrichment and money had and received claims are dismissed for all of the reasons identified in *Zagoria*. *See Zagoria v. New York University*, No. 20-cv-3610 (GBD), at ECF No. 70. Plaintiffs here also assert a claim for conversion. (FAC ¶¶ 162–171.) Under New York law, a "cause of action for conversion cannot be predicated on a mere breach of contract." *Jeffers v. Am. Univ. of Antigua*, 125 A.D.3d 440, 443 (1st Dep't 2015). Here, Plaintiffs' conversion claim is premised on the same allegations as their breach of contract claim. Accordingly, the conversion claim is dismissed.

### III.  LEAVE TO AMEND

Plaintiffs indicate in their briefing that should their claims be denied, they intended to move for leave to file an amended complaint. (Mem. of Law in Opp'n to Def.'s Motion to Dismiss, ECF No. 39, at 25.) Federal Rule of Civil Procedure 15(a) provides that a district court may grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a). *See also Perez v. 117 Ave. of the Ams. Food Corp.*, 2016 WL 5415090, at *1 (S.D.N.Y. Sept. 27, 2016) ("A district court has broad discretion in determining whether to grant leave to amend.") (citation omitted). Plaintiffs may submit, by letter application, a proposed amended complaint if such amendment would not be futile. The letter application must be filed on or before April 1, 2021.

## IV.  CONCLUSION

Defendant's motion to dismiss, (ECF No. 34), is GRANTED. The Clerk of Court is directed to close the motions accordingly.

Dated: New York, New York
      March 17, 2021

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

5