

T 708.628.4949    F 708.628.4950

Daniel J. Kurowski
Partner
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. CITYFRONT PLAZA DRIVE
SUITE 2410
CHICAGO, IL 60611
www.hbsslaw.com

April 1, 2021

<u>**Via CM/ECF**</u>

The Honorable George B. Daniels
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    *Morales, et al. v. New York University*, Case No. 20-cv-4418-GBD
       Letter Motion for Leave to File Second Amended Complaint

Dear Judge Daniels:

       We write pursuant to Rule II.A of your Honor's Individual Rules & Practices and the
Court's March 17, 2021 Memorandum Decision and Order granting Defendant's motion to
dismiss (ECF No. 58) (the "Order") to request leave to file a Second Amended Complaint in this
matter. Plaintiffs' Proposed Second Amended Complaint ("SAC") is attached as Exhibit A.

       Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave
[to amend] when justice so requires." For the reasons set forth below, the SAC
provides supplemental allegations further confirming that Plaintiffs assert plausible contract and
(alternative) unjust enrichment claims. Thus, Plaintiffs respectfully request the Court grant them
leave to file the SAC.

**I.      NYU Promised To Provide In-Person Educational Services**

       In its Order, the Court held that Plaintiffs "failed to plead any specific promise by NYU
to provide exclusively in-person instruction" because the First Amended complaint did not point
to language promising a "certain specified service" of in-person courses. Order at 2. While
Plaintiffs respectfully disagree, the SAC provides supplemental allegations further confirming
the existence of a contract between Plaintiffs and Defendant for in-person education services as
contemplated under New York law. Plaintiffs' SAC alleges that "Plaintiff and NYU entered into
a contractual agreement for specific services – an on-campus, in-person education at NYU."
SAC ¶ 12. Plaintiff supports that allegation with numerous additional allegations.

       First, the SAC references NYU's Course Catalog, curriculum, websites, and publications
providing specific language promising "certain specified service" of in-person instruction,
including with allegations further specific to each of the Plaintiffs' experiences. *See id.* ¶¶ 12, 15;
59–74, 100–111. For example, NYU's Silver School of Social Work describes the necessary

Letter Motion for Leave to File Second Amended Complaint
April 1, 2021
Page 2

field placement courses as a "vital method of study" where students will "gain hands-on experience" and "dynamic learning opportunities" in the community at field sites and on campus. SAC ¶ 103. NYU's College of Arts and Sciences touts its "state-of-the-art facilities," access to "world-class laboratories" and courses with "hands-on experience" *Id.* at ¶ 105. The Tisch School of the Arts undergraduate drama program emphasizes in-person study and facilities including "in-studio professional training" and notes "[o]ur students pursue their goals in a dynamic, creative environment with state of-the-art facilities, a collaborative community of award-winning faculty members, internship opportunities with established professionals, and the unsurpassed artistic and intellectual resources of New York City." *Id.* ¶¶ 102, 106.

These allegations are even more specific to Plaintiffs' coursework and experience than those found sufficient in *Bergeron v. Rochester Institute of Technology*, 2020 WL7486682 (W.D.N.Y. Dec. 18, 2020), where the court found plaintiffs plausibly alleged a contractual promise for in-person education under New York law. The *RIT* court held "Plaintiffs identify a multitude of promises made by RIT regarding the benefits of its in-person, on-campus program, including opportunities to work directly with faculty in their labs, vibrant and diverse campus life, access to superior technology, and robust on-campus support." *Id.* at *8. So too here.

Second, the SAC adds allegations regarding NYU's mission. SAC ¶¶ 57–58. NYU's mission envisions an in-person on campus experience by focusing on its location in New York City: "The University lives within New York and other great cities….," offering "intellectual and cultural experiences…," and "NYU seeks to take academic and cultural advantage of its location." *Id.* These allegations are similar to those alleged in *Espejo et. al., v. Cornell University*, 2021 WL 810159 (N.D.N.Y. Mar. 3, 2021). In *Cornell*, the court determined the university's mission statement mentioning experience on campus aided the plaintiffs' efforts to plausibly allege that the education for which the plaintiffs paid tuition included an on-campus component. *Id.* at *5–6.

Third, the SAC alleges Plaintiffs affirmatively selected in person programs because their programs were not offered online. SAC ¶¶ 80–81. The SAC cites the syllabi provided to Plaintiffs showing Spring 2020 courses were set to meet at specific locations on campus and had specific policies such as "physical attendance at lectures and discussion sections and even policies noting electronic tools that would be necessary for online only education, such as laptops, are prohibited in class." *Id.* ¶¶ 87–92. Finally, the SAC shows how students used the "Albert" course registration system to affirmatively select "In Person" courses and not "Online" courses. SAC ¶¶ 15, 83-86, 159–160.

The SAC, with its numerous references to the Course Catalog, NYU's mission, the Albert course registration system, curriculum, Bulletins, syllabi, and NYU's website, sufficiently allege "certain specified service" of the promised in-person classes. Order at 2. Therefore, the SAC states a plausible claim for breach of contract.

Letter Motion for Leave to File Second Amended Complaint
April 1, 2021
Page 3

## II.    NYU Was Unjustly Enriched

The SAC also states a claim for unjust enrichment. In the Order, the Court dismissed Plaintiff's unjust enrichment claim "for the reasons identified in *Zagoria*." *See Zagoria v. New York University*, No. 20-cv-3610 (GBD). Order at 4. In *Zagoria*, this court determined "it is undisputed that the parties have a valid contract that governs the relationship between NYU and its students." *Zagoria*, ECF 70 at 10.

Plaintiffs plead unjust enrichment in the alternative to the contract claims and assert this claim in the event that Defendant proves no enforceable contractual provision for in-person education. *Ford v. Rensselaer Polytechnic Inst.*, No. 1:20-CV-470, 2020 WL 7389155, at *8–9 (N.D.N.Y. Dec. 16, 2020) ("Defendant would dispel plaintiffs' point by noting that it does not dispute the existence of a contractual relationship between the parties, only that there exists a specific promise entitling plaintiffs to the relief that they seek. RPI's argument is clever, but mistaken. If defendant successfully proves that there is no valid, enforceable contractual provision that affords plaintiffs relief, then their unjust enrichment claim would be viable regardless of their erstwhile breach of contract claims."); *Bergeron v. Rochester Inst. of Tech.*, No. 20-CV-6283 (CJS), 2020 WL 7486682, at *9 (W.D.N.Y. Dec. 18, 2020) ("The Court declines to dismiss Plaintiffs' unjust enrichment claims at this juncture, as they have adequately pled the elements of unjust enrichment and – as noted above in the breach of contract discussion – there is a dispute over the existence, scope, or enforceability of the alleged contract in this case."). Additionally, the SAC plausibly alleges Defendant's enrichment is unjust "even in the absence of a wrongful act as it is well established under New York law that unjust enrichment does not require the performance of any wrongful act by the one enriched." SAC ¶ 213.

## III.    Conclusion

Courts across the country considering similar allegations in COVID-19 tuition and fee litigation have denied motions to dismiss, including multiple courts specifically considering New York law. *See, e.g.*, *Cornell*, 2021 WL 810159 at *1; *RPI*, 2020 WL 7389155 (N.D.N.Y. Dec. 16, 2020); *RIT*, 2020 WL 7486682 (W.D.N.Y. Dec. 18, 2020). Such cases align with a growing a body of law (approximately thirty) recognizing claims like these state plausible claims and should proceed to discovery. Plaintiffs respectfully submit that the leave to amend should be granted as the SAC provides additional allegations directed to the Court's Order and state plausible claims for breach of contract and unjust enrichment. Because amendment would not be futile, Plaintiffs respectfully request the Court grant Plaintiffs leave to file the SAC.

Letter Motion for Leave to File Second Amended Complaint
April 1, 2021
Page 4

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Daniel J. Kurowski*

Daniel J. Kurowski

cc:    All counsel of record (via ECF)

Exhibit A – Plaintiffs' Proposed Second Amended Class Action Complaint